IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>HENRY TIMME, an individual,<br><br>Defendant. | Case No. 13 C 2197<br><br>Judge: James B. Zagel<br>Magistrate: Geraldine Soat Brown |

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant, Henry Timme, by and through his attorneys, for his Answer to the Complaint, states as follows:

### JURISDICTION AND VENUE

**ALLEGATION NO. 1:**

This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

**ANSWER:**

Defendant admits the characterization of this lawsuit but denies that he has any liability.

**ALLEGATION NO. 2:**

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

**ANSWER:**

Admitted.

**ALLEGATION NO. 3:**

Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Rosemont, Illinois.

**ANSWER:**

Admitted.

## PARTIES

**ALLEGATION NO. 4:**

The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

**ANSWER:**

Admitted.

**ALLEGATION NO. 5:**

Plaintiff Arthur H. Bunte, Jr. is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois.

**ANSWER:**

On information and belief, admitted.

**ALLEGATION NO. 6:**

Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Arthur H. Bunte, Jr., are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

**ANSWER:**

On information and belief, admitted.

**ALLEGATION NO. 7:**

Defendant Henry Timme is an individual who resides in the State of Wisconsin.

-3-

**ANSWER:**

Admitted.

## CLAIM FOR RELIEF

**ALLEGATION NO. 8:**

Timme, Inc. ("Timme") is a corporation organized under the laws of the State of Wisconsin.

**ANSWER:**

Admitted.

**ALLEGATION NO. 9:**

On or about March 15, 2008, Henry Timme directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Timme.

**ANSWER:**

Denied.

**ALLEGATION NO. 10:**

On or about March 15, 2008, Henry Timme personally owned and operated an unincorporated "trade or business" with the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), that consisted of leasing real estate property (the "Real Estate Business").

**ANSWER:**

Denied.

**ALLEGATION NO. 11:**

On or about March 15, 2008, Timme and the Real Estate Business were a group of trades or businesses under common control (the "Timme Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

**ANSWER:**

Denied.

**ALLEGATION NO. 12:**

The Timme Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

**ANSWER:**

Denied.

**ALLEGATION NO. 13:**

During all relevant times, Timme was bound by collective bargaining agreements with certain Teamsters local unions under which Timme was required to make contributions to the Pension Fund on behalf of certain of its employees.

**ANSWER:**

Admitted.

**ALLEGATION NO. 14:**

The Pension Fund determined that on or about March 15, 2008, the Timme Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383 (the "2008 Withdrawal").

**ANSWER:**

Defendant admits that Timme incurred a complete withdrawal on or about March 15, 2008, but denies that Defendant or the Real Estate Business was part of the controlled group.

**ALLEGATION NO. 15:**

As a result of the 2008 Withdrawal, the Timme Controlled Group incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $413,513.95, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b) (the "2008 Withdrawal Liability").

**ANSWER:**

Defendant admits that Timme Inc. incurred complete withdrawal liability but denies the remaining allegations in paragraph 15.

-4-
CHICAGO/#2464681.2

**ALLEGATION NO. 16:**

On or about November 14, 2008, the Timme Controlled Group, through Timme, received a notice and demand for payment of the 2008 Withdrawal Liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice demanded full payment of the entire amount of the 2008 Withdrawal Liability pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, Section 5(e)(2) of the Pension Fund's Pension Plan.

**ANSWER:**

Defendant denies that there is a Timme Controlled Group and is without information sufficient to form a belief as to the remaining allegations of paragraph 16.

**ALLEGATION NO. 17:**

The Timme Controlled Group did not timely initiate arbitration pursuant to section 4221(a) of ERISA, 29 U.S.C. § 1401(a), to challenge the 2008 Withdrawal Liability. Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

**ANSWER:**

Defendant denies that there is a Timme Controlled Group, admits that there was no arbitration demand, and denies the remaining allegations.

**ALLEGATION NO. 18:**

The Timme Controlled Group failed to make the 2008 Withdrawal Liability payment to the Pension Fund.

**ANSWER:**

Defendant admits that Timme, Inc. did not make withdrawal liability payments, but denies there is a Timme Controlled Group.

**ALLEGATION NO. 19:**

On February 16, 2009, the Pension Fund filed suit against Timme in the United States District Court for the Northern District of Illinois in a case entitled *Central States, Southeast and Southwest Areas Pension Fund, et al. v. Timme, Inc.,* Case Number 09 C 0981, to collect the 2008 Withdrawal Liability, plus interest, liquidated damages, and attorneys' fees and costs (the "Timme Lawsuit").

**ANSWER:**

Admitted.

**ALLEGATION NO. 20:**

On April 30, 2009, the court entered judgment in the Timme Lawsuit in favor of the Pension Fund and against Timme in the amount of $507,941.09 (the "Timme Judgment").

**ANSWER:**

Admitted.

**ALLEGATION NO. 21:**

To date, the full amount of the Timme Judgment remains due and owing to the Pension Fund.

**ANSWER:**

On information and belief, admitted.

**ALLEGATION NO. 22:**

The Real Estate Business, as a member of the Timme Controlled Group, is jointly and severally liable to the Pension Fund for the 2008 Withdrawal Liability.

**ANSWER:**

Denied.

**ALLEGATION NO. 23:**

Henry Timme, as the owner of the unincorporated Real Estate Business, is personally liable for the liabilities of such Real Estate Business, including the 2008 Withdrawal Liability incurred by the Timme Controlled Group.

**ANSWER:**

Denied.

## **AFFIRMATIVE DEFENSES**

Even assuming, arguendo, that a Timme Controlled Group exists as alleged in the Complaint, Plaintiff's claim that Defendant is personally liable beyond his interest in the Real Estate Business is incorrect as a matter of law under ERISA. State law is preempted by ERISA.

                                            Respectfully submitted,

                                            HENRY TIMME

                                            By:   /s/ Charles B. Wolf
                                                     One of His Attorneys

Patrick W. Spangler
Charles B. Wolf
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601-1003
T: +1 (312) 609-7500

Dated: July 8, 2013

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing DEFENDANT'S ANSWER TO COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Anthony E. Napoli, Esq.
>Central States Law Department
>9377 W. Higgins Road, 10th Floor
>Rosemont, IL 60018-4938
>Tel: 847-518-9800, ext. 3702
>ARDC #06210910
>*Attorney for Plaintiffs*

on July 8, 2013.

/s/ Charles B. Wolf